IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**RODNEY MILLS,**

    **Plaintiff,**

**v.**                                                                         **CIVIL ACTION NO. 2:21-cv-185**

**CITY OF NORFOLK, VIRGINIA,**

    **Defendant.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant City of Norfolk, Virginia's ("Defendant" or "Norfolk") Motion for Judgment on the Pleadings ("Motion for Judgment") pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP") and Local Civil Rule 7(F), ECF No. 12, and Plaintiff Rodney Mills' ("Plaintiff" or "Mills") Motion for Leave to File Amended Complaint ("Motion to Amend") pursuant to Rule 15 of the FRCP, ECF No. 15. Plaintiff's proposed amended complaint adds as a defendant Fire Chief Jeffrey Wise ("Chief Wise"), asserts one count against Chief Wise for racial discrimination and retaliation, and adds a retaliation claim against Norfolk, all under 42 U.S.C. §§ 1981, 1983. Defendant requests that the Court deny the Motion to Amend and grant its Motion for Judgment, arguing that Plaintiff's amendments are futile and do not cure any deficiencies to survive dismissal for *res judicata*. This matter has been fully briefed and is ripe for determination. For the reasons set forth herein, the Motion to Amend is **GRANTED-IN-PART** and **DENIED-IN-PART** and Defendant's Motion for Judgment is **DENIED** as moot.

### I. FACTUAL & PROCEDURAL HISTORY

The facts, stated in the light most favorable to Plaintiff, are as follows:

Plaintiff filed his original complaint on April 12, 2021. *See* Compl., ECF No. 1. According to the complaint, Plaintiff is an African American employee of Norfolk. *Id.* at ¶ 7. Plaintiff is

1

employed as a Captain in the Norfolk Department of Fire & Rescue ("Fire & Rescue"). *Id.* Plaintiff began employment with Fire & Rescue beginning August 1996. *Id.* Plaintiff was promoted to Captain on June 13, 2017. *Id.* at ¶ 8.

Fire & Rescue has not promoted an African American to Fire Chief or Deputy Fire Chief since 1990. *Id.* at ¶ 9. Moreover, despite approximately fifty African American applicants, only five African Americans have been promoted to Battalion Chief since 1990. *Id.* at ¶ 10. In 2014, Fire & Rescue Chief Jeffrey Wise made accommodations to several Caucasian employees, allowing them to re-take examinations to qualify for various promotions. *Id.* at ¶ 13.

In December 2018, Plaintiff sought a waiver to apply for a Battalion Chief position. *Id.* at ¶ 17. To be eligible for the Battalion Chief position, the candidate must have 2 years experienced as a Fire Captain. *Id.* at ¶ 14. Accordingly, Plaintiff would not become eligible for Battalion Chief until his two-year date – June 13, 2019. *Id.* at ¶ 16. Under the Civil Service Commission rules, however, a candidate's "years of service" is determined relative to the date that the promotion eligibility list for the position becomes effective. *Id.* That eligibility list is referred to as the "Certified Eligible List." *Id.* at ¶ 16. The Certified Eligible List for the 2019 Battalion Chief position did not become effective until July 10, 2019, almost one month after Plaintiff's eligibility date. *Id.* at ¶ 21.

To make the Certified Eligible List, applicants had to take an exam. *Id.* at ¶ 16. Plaintiff learned that because his eligibility date was not until June 2019, he would be unable to take the required exam in order to make the Certified Eligible List. *Id.* at ¶ 16. The complaint furthers that "Caucasian candidates who have not yet reached their 2 year anniversary as Captain at the time that the application period closes but who will reach their 2 year anniversary prior to the finalization and approval of the Certified Eligible List have historically been granted waivers to compete for an open position." *Id.* at ¶ 15. On December 26, 2018, Plaintiff submitted a written

2

waiver request to Fire Chief Jeffrey Wise ("Chief Wise") in order to take the required exam so that he could compete for the Battalion Chief position. *Id.* at ¶ 17. Chief Wise denied Plaintiff's waiver request. *Id.* at ¶ 18.

On January 1, 2019, Fire & Rescue invited candidates to apply for the 2019 promotion process for the Battalion Chief position. *Id.* at ¶ 19. After the January announcement, Fire & Rescue made at least two retroactive accommodations to similarly situated Caucasian applicants, allowing them to apply for the Battalion Chief position. *Id.* at ¶ 20. Accordingly, those individuals obtained waivers to apply. *Id.* Without said waivers, the Caucasian applicants would have been disqualified. *Id.* Based upon these alleged facts, Plaintiff sued Norfolk for racial discrimination pursuant to 42 U.S.C. § 1981.

According to the proposed amended complaint, on November 8, 2019, Fire & Rescue promoted a Caucasian applicant to Battalion Chief. Proposed Am. Compl. ¶ 22, ECF No. 20-1. The Amended Complaint seeks to add as a defendant, Chief Wise based upon his role in denying Plaintiff's "request for a reasonable accommodation." *Id.* at ¶¶ 31-35. Moreover, Plaintiff alleges that since the original complaint was filed, Norfolk has participated in retaliatory conduct and fostered a hostile work environment. *Id.* at ¶¶ 36-54.

Specifically, Plaintiff alleges that "[w]ithin days of the date that the Complaint was filed and served, Norfolk required that Mills take a drug test," even though "Norfolk had never required Mills to take a drug test" since he started in 1996. *Id.* at ¶ 39. Additionally, Plaintiff alleges that another chief within the department called Plaintiff while he was on vacation to "complain about 'Q&As' that Mills had completed in December 2020". *Id.* at ¶ 41. "Norfolk contacting Mills on vacation was a deviation" from ordinary practice. *Id.* at ¶ 42. Additionally, Norfolk issued a counselling form to Mills for the issue with the Q&As. *Id.* at ¶ 45. Plaintiff alleges that each of

3

these acts were done in retaliation to Plaintiff's complaint. *Id.* Moreover, Plaintiff alleges that the conduct above was "unwelcome, hostile and based upon Mills' race." *Id.* at ¶ 51.

On June 23, 2021, Defendant filed its Motion for Judgment on the Pleadings. ECF No. 12. On June 30, 2021, Plaintiff filed is Motion to Amend. ECF No. 15. Both motions were fully briefed before the Court. ECF Nos. 13, 16-20. Neither party noticed a hearing and the Court finds a hearing unnecessary to resolve the parties' respective motions. Therefore, this matter is ripe for judicial determination.

## II. LEGAL STANDARDS

### A. Motion for Judgment on the Pleadings

"A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For the purposes of a Rule 12(b)(6) motion (or Rule 12(c) motion), courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement,

but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949, and *Twombly*, 550 U.S. at 557). To achieve factual plausibility, plaintiffs must allege more than "naked assertions ... without some further factual enhancement." *Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.*

### B. Motion to Amend

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given by the court "when justice so requires." *Id.* The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has recognized three situations where a district court may deny leave to amend: (1) where allowing the amendment would prejudice the opposing party; (2) the moving party acted in bad faith; or (3) where the amendment would be futile. *See Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). An amendment is futile where the proposed amendment fails to conform to the requirements of the federal rules. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011); *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Ultimately, the decision whether or not to grant a party leave to amend is up to the discretion of the Court. *See New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.*, 18 F.3d 1161, 1164 (4th Cir. 1994).

5

### III. DISCUSSION

Plaintiff's original complaint pleads a single count for racial discrimination against Norfolk pursuant to 42 U.S.C. § 1981. ECF No. 1. The proposed amended complaint contains four counts, each stating a claim for violations of 42 U.S.C. § 1981 and §1983. ECF No. 20-1. Therein, Plaintiff alleges the following: Racial Discrimination against Norfolk (Count I), Racial Discrimination against Chief Wise (Count II), Retaliation against Norfolk (Count III), and Hostile Work Environment against Norfolk (Count IV).

Defendant argues that Count I in both the original Complaint and the Amended Complaint fail to state a claim based upon *res judicata*. ECF Nos. 13, 19. In its opposition to Plaintiff's Motion to Amend, Norfolk furthers that Count II is improper since it is futile, and Plaintiff cannot state a § 1981 claim against a state official in his individual capacity. ECF No. 19 at 2-5. Moreover, Defendant argues that to the extent Plaintiff asserts claims against Chief Wise under § 1983, *res judicata* also applies. *Id.* at 5. Lastly, Norfolk argues that based upon the *res judicata* arguments in support of its opposition to Counts I and II, Counts III and IV are also futile. *Id.* at 5-7. Accordingly, Defendant seeks dismissal of Plaintiff's original Complaint and denial of Plaintiff's request to amend. The Court will first examine Defendant's Motion for Judgment pertaining to the original complaint. Thereafter, the Court will evaluate whether leave to amend is warranted.

#### A. Defendant's Motion for Judgment

##### 1. Res Judicata applies to Count I.

"[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). This principle is commonly referred to as *res judicata*. "For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an

6

identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004).

On October 19, 2020, Plaintiff filed a prior lawsuit against Norfolk alleging a single count for racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (the "Title VII suit"). *Mills v. City of Norfolk*, No. 2:20-cv-00521-RCY (E.D. Va. Oct. 19, 2020) (ECF No. 1). Since the Title VII suit concerned the same parties as the present action—both Mills and Norfolk—prong three of the *res judicata* analysis is satisfied.

In the final judgment of the Title VII suit, the Court granted Defendant's Rule 12(b)(6) motion to dismiss, finding Plaintiff failed to file a complaint with the Equal Employment Opportunity Commission ("EEOC") prior to the statutorily imposed 300-day deadline. *Id.* at ECF No. 10. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure,

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subsection and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Moreover, in interpreting Rule 41(b), the Fourth Circuit held that "[t]he plain language of the Rule indicates that [a] dismissal [] on statute of limitations grounds is an adjudication on the merits." *Shoup v. Bell & Howell Co.*, 872 F.2d 1178 at 1180 (4th Cir. 1989). Since the Court dismissed Plaintiff's Title VII suit on statute of limitations grounds, the Title VII suit was adjudicated on the merits and prong one of the *res judicata* analysis is also satisfied.

Turning to prong two, Count I of the Title VII complaint, the original Complaint of the present action, and the proposed amended complaint, all allege that "Mills was denied the opportunity to apply for the open position of Battalion Chief and suffered damages" based upon "Norfolk's intentional actions and intentional racial discrimination." *Mills*, No. 2:20-cv-00521-RCY at ECF No. 1 at ¶ 31; ECF No. 1 at ¶ 29; ECF No. 20-1 at ¶ 29. Accordingly, the basis of

Plaintiff's Title VII claim is identical to that of the present action, i.e. Norfolk having had denied Plaintiff the opportunity to apply for the Battalion Chief position. While the present action asserts a claim under § 1981 and § 1983 instead of Title VII, it is well settled that *res judicata* applies to actions arising from the same transactions or events, not merely the same title offense. *See Pueschel v. United States*, 369 F.3d at 355 ("The determination of whether two suits arise out of the same cause of action, however, does not turn on whether the claims asserted are identical. Rather, it turns on whether the suits and the claims asserted therein 'arise out of the same transaction or series of transactions or the same core of operative facts.'") (citing *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996) (internal citations omitted)). In support of Count I, both the original complaint and the proposed amended complaint fail to allege any relevant additional conduct subsequent to the events referenced in the Title VII suit. Indeed, the original complaint's text in support of Count I is nearly identical to the Title VII suit and the proposed amended complaint, all of which assert racial discrimination based upon Plaintiff's inability to apply for the Battalion Chief position. Therefore, prong two is satisfied and *res judicata* applies to Count I.

**B. Plaintiff's Motion to Amend**

Rule 15(a)(2) provides that leave to amend shall be freely given by the court "when justice so requires." There are three situations in which a district court may deny leave to amend: (1) where allowing the amendment would prejudice the opposing party; (2) the moving party acted in bad faith; or (3) where the amendment would be futile. *See Equal Rights Ctr.*, 602 F.3d at 603. Here, Defendant does not make a prejudice or bad faith argument in support of its opposition. Instead, Defendant relies upon the futility prong. *See* ECF No. 19. An amendment is futile where the proposed amendment fails to conform to the requirements of the federal rules. *Katyle*, 637 F.3d

at 471. For the same reasons articulated in its Motion for Judgment, Defendant argues that Plaintiff's proposed amendments violate the federal rules by way of *res judicata*.

As a preliminary matter, Defendant's Motion for Judgment addresses the single count within the original complaint, without addressing the remaining counts of the proposed Amended Complaint. *See* ECF Nos. 12,13. This is because Plaintiff did not file its Motion to Amend until after Defendant's Motion for Judgment. Upon review, Plaintiff's proposed amended complaint adds three counts to the original claim, ECF No. 20-1, each of which Defendant argues are still subject to *res judicata*, ECF No. 19. In the Court's view, it would be inefficient to grant Defendant's Motion for Judgment without assessing whether the proposed amended complaint remedies the *res judicata* concerns, thereby resolving the original complaint's deficiencies. Accordingly, the Court will assess whether *res judicata* is applicable to Counts I-IV of the proposed amended complaint.[1]

**1. Count I is barred by res judicata.**

Since Count I of the original complaint is identical to Count I of the proposed amended complaint, Count I fails to state a claim upon which relief can be granted for the same reasons articulated above. Therefore, Count I of the proposed amended complaint is futile and impermissible.

---

[1] Plaintiff's proposed amended complaint was attached to his reply in support of the Motion to Amend, not his original motion. ECF No. 20-1. In so doing, Plaintiff failed to comply with a long-standing practice to attach the proposed amended complaint to its Motion to Amend. This practice is standard so that the Defendant, and the Court, are able to review the precise language to be added. By failing to attach the proposed amended complaint to the original motion, Defendant did not have the opportunity to review the claims therein and rebut said claims in its opposition. The Court does find, however, that Defendant sufficiently addressed the substance of each proposed amendment despite not having the opportunity to review the precise language. In so doing, Defendant relies upon *res judicata* to state that each proposed amendment would be futile. *See* ECF No. 19. Therefore, the Court will limit its analysis to the *res judicata* arguments applicable to each count in the proposed amended complaint.

### 2. Count II is not barred by res judicata.

Count II accuses Chief Wise, individually, of racial discrimination in violation of § 1981 and § 1983. Plaintiff argues that Chief Wise discriminated against him for failing to provide an accommodation or waiver so that he could apply for Battalion Chief. *See* ECF No. 20-1 at 6-7. Accordingly, Plaintiff's claim against Chief Wise is substantially similar to Count I in that Plaintiff merely substitutes Chief Wise, in his individual capacity, for the City of Norfolk. *Id.* Defendant argues that *res judicata* applies to Chief Wise just as it applied to Norfolk in Count I.

As previously stated, *res judicata* requires (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Pueschel*, 369 F.3d at 354-55. The Court acknowledges that Count II satisfies the first and second prongs as the Title VII suit contains a final judgment on the merits and pertains to the same transaction or events at issue in the Title VII suit.

As for the third prong, the Court must examine whether Chief Wise is in privity with Norfolk—the single defendant in the Title VII suit. "Privity between an employer and employee is not automatic." *Harrison v. Burford*, 2012 U.S. Dist. LEXIS 79123, at *14 (S.D.W.V. Jun. 7, 2012). Indeed, "[c]ourts have disagreed as to whether an employee and an employer are in privity for res judicata purposes." *Id.* District courts within the Fourth Circuit have consistently held, however, that "for res judicata purposes, 'public employees sued in their individual capacities are not in privity with their employers' whereas public officials sued in their official capacities are." *Chandler v. Forsyth Tech. Cmty. College*, 294 F. Supp. 3d 445, 455 (M.D.N.C. Feb. 15, 2018) (citing *Price v. Town of Atl. Beach*, 2013 U.S. Dist. LEXIS 158857, at *11 (D.S.C. Nov. 6, 2013)); 18A Wright, Miller & Cooper, Federal Practice and Procedure § 4458, at 567 & n. 20 (2d ed. 2002) ("a judgment against a government or one government official does not bind a different official in subsequent litigation that asserts a personal liability against the official..."). Moreover, in *Andrews*

*v. Daw*, the Fourth Circuit examined whether a North Carolina state highway patrolman, in his individual capacity, was in privity with his official capacity in subsequent litigation. 201 F.3d 521 (4th Cir. 2000). There, that plaintiff's prior lawsuit against the State of North Carolina and the patrolman (in his official capacity) was dismissed on sovereign immunity grounds. *Id*. A subsequent lawsuit against the patrolman (in his individual capacity), however, was permissible. The Fourth Circuit ultimately held that a "government employee in his official capacity is not in privity with himself in his individual capacity for purposes of res judicata." *Id*. at 523.

Here, while the prior Title VII suit did not include Chief Wise as a defendant, it did include the City of Norfolk and the fact remains that "[g]overnment employees in their individual capacities are not in privity with their government employer." *Willner v. Budig*, 848 F.2d 1032, 1034 n.2 (10th Cir. 1988). Therefore, *res judicata* does not apply to Count II.

### 3. Counts III and IV are also not subject to *res judicata*.

Counts III and IV allege unlawful retaliation and hostile work environment, respectively, pursuant to § 1981 and § 1983. Both counts are against Norfolk which, at first glance, appear to invoke *res judicata*. However, *res judicata* "applies…only to claims arising prior to the entry of judgment. It does not bar claims arising subsequent to the entry of judgment and which did not then exist or could not have been sued upon in the prior action." *Alexander & Alexander, Inc. v. Van Impe*, 787 F.2d 163, 166 (3d Cir. 1986).

In support of its retaliation claim, Plaintiff alleges that after the original complaint was filed, Plaintiff's employer called him, while on vacation, to "complain" about Plaintiff's handling of a Q&A assignment. ECF No. 20-1 at 8. Norfolk later issued a counselling form to Plaintiff for his handling of said assignment. *Id*. at 9. Plaintiff argues that the way in which Norfolk responded to the Q&A assignment issue was a "deviation" from standard practices and "done in retaliation." *Id*. at 8. Plaintiff further alleges that within days of filing his original complaint for the present

action, Norfolk required that Plaintff take a drug test despite never having been required to do so in twenty-five years of employment. *Id.* This same conduct is referenced in support of Plaintiff's hostile work environment claim. ECF No. 20-1 at 9-10.

The Court finds that Plaintiff's allegations of retaliatory conduct and hostile work environment go beyond that of his Title VII suit. "[A] continuing series of wrongful conduct occurring after the entry of judgment in [prior litigation] is not within the scope of claim preclusion. It would defy logic and fairness to preclude a future claim based on such conduct." *Fatiregun v. City of Phila.*, 2009 U.S. Dist. LEXIS 92278 at *15 (E.D. Pa. Oct. 2, 2009). In the Title VII suit, Plaintiff's complaint was limited to conduct giving rise to Norfolk's failure to provide a waiver such that Plaintiff could apply for the Battalion Chief position. Here, Plaintiff seeks relief from subsequent conduct. Accordingly, Counts III and IV are not barred by res judicata.

### 4. Leave to Amend the Complaint is not futile.

Based upon the foregoing, *res judicata* only applies to Count I of the proposed amended complaint. Defendant's primary argument of the futility of Plaintiff's proposed amendments was that said amendments were barred by *res judicata*. Defendant made additional futility arguments[2] which were largely resolved in the proposed amended complaint filed after Defendant's response. Therefore, Defendant's lone futility argument is inapplicable to Counts II, III, and IV. Since *res judicata* is inapplicable, the Court will **GRANT** Petitioner's Motion to Amend.

---

[2] Defendant makes two other arguments. First, Defendant argues that Plaintiff's claim against Chief Wise in his individual capacity (Count II) must satisfy both §§ 1981 and 1983, not just § 1981. *See* ECF No. 19 at 2-5. In Plaintiff's proposed amended complaint—which was filed after Defendant's response— Plaintiff lists both statutes as the title offenses for Counts II, III, and IV. Thereby resolving Defendant's concerns. Second, Defendant argues that the proposed retaliation claim lacks "any supporting factual allegations." ECF No. 19 at 6. This, too, was remedied in the proposed amended complaint wherein Plaintiff specifically described alleged retaliatory conduct. Therefore, these additional arguments are moot.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment is **DENIED**. Plaintiff's Motion to Amend is **GRANTED IN PART** with respect to Counts II, III, and IV, and **DENIED IN PART** with respect to Count I for failure to state a claim upon which relief could be granted.

This Memorandum Opinion and Order limits its review of Plaintiff's Motion to Amend to the *res judicata* analysis without further assessing the merits or justiciability of Plaintiff's remaining claims. Defendant reserves the right to make additional Rule 12 motions in response to Plaintiff's amended complaint.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 18, 2021

Raymond A. Jackson
United States District Judge