IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

MAR 17 2023

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

RODNEY MILLS,

    Plaintiff,

v.                                Civil Action No. 2:21-cv-185

CITY OF NORFOLK, et al.,

    Defendants.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Jeffrey Wise's ("Chief Wise" or "Defendant") Motion for Attorney's Fees and Costs ("Motion"), pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d). ECF No. 90. Rodney Mills ("Plaintiff") responded in opposition. ECF No. 93. Defendant replied. ECF No. 94. Having reviewed the parties' filings, this matter is ripe for judicial determination. For the reasons stated below, Defendant's Motion for Attorney's Fees and Costs is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 12, 2021, Plaintiff initiated the instant employment discrimination suit against the City of Norfolk. Compl., ECF No. 1. On August 30, 2021, Plaintiff filed his Amended Complaint, alleging racial discrimination against Chief Wise in his individual capacity, pursuant to the Equal Protection Clause and 42 U.S.C. §§ 1981, 1983, and several claims against the City of Norfolk. ECF No. 22. On December 8, 2021, the City of Norfolk and Chief Wise (collectively, "Defendants") filed separate Motions for Summary Judgment. ECF Nos. 45, 47. On July 7, 2022, the Court granted Defendants' Motions for Summary Judgment. ECF No. 87. The Court incorporates herein the sections entitled "Procedural History" and "Factual History" in its July 7, 2022 Memorandum Opinion and Order.

In its July 7, 2022 decision, the Court found that Chief Wise was entitled to summary judgment on Plaintiff's equal protection claim because it was time-barred. *Id.* at 19. The Court explained that the

two-year statute of limitations for Plaintiff's equal protection claim ran on January 3, 2021. *Id.* However, Plaintiff filed the action on April 12, 2021, more than three months after the applicable statute of limitations period. *Id.* On July 21, 2022, Chief Wise filed the instant Motion and supporting memorandum seeking attorney's fees and costs associated with Plaintiff's equal protection claim. ECF Nos. 90, 91. On August 5, 2022, Plaintiff opposed the motion. ECF No. 93. On August 10, 2022, Defendants replied. ECF No. 94.

## II. LEGAL STANDARD

Pursuant to 42 U.S.C. § 1988, district courts have discretion to award reasonable attorney's fees and litigation expenses to a "prevailing party" in a § 1983 action. 42 U.S.C. § 1988(b). Under § 1988, a prevailing defendant in a civil rights suit is entitled to recover attorney's fees only if he demonstrates that the plaintiff's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978). Where "the plaintiff asserted both frivolous and non-frivolous claims," the court may award attorney's fees under § 1988 "only for costs that the defendant would not have incurred but for the frivolous claims." *Fox v. Vice*, 563 U.S. 826, 829 (2011). "[A]warding attorney['s] fees to a prevailing defendant is a conservative tool, to be used sparingly in those cases in which the plaintiff presses a claim which he knew or should have known was groundless, frivolous, or unreasonable." *EEOC v. Great Steaks, Inc.*, 667 F.3d 510, 517 (4th Cir. 2012) (alteration and internal quotation marks omitted). In reviewing a request for attorney's fees, district courts are instructed to "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Unus v. Kane*, 565 F.3d 103, 127 (4th Cir. 2006) (internal quotation marks omitted). This policy is adopted to avoid hindering "the efforts of Congress to promote the vigorous enforcement of" civil rights laws and discouraging civil rights plaintiffs from bringing suits. *Christianburg*, 434 U.S. at 422.

## III. DISCUSSION

The instant civil case was filed pursuant to 42 U.S.C. § 1983 to remedy Plaintiff's alleged depravation of his constitutional rights. Am. Compl., ECF No. 22. It is undisputed that Defendant qualifies as the "prevailing party" in this case. Therefore, Defendant is entitled to at least a partial award of fees, as well as litigation expenses, under Section 1988, if Plaintiff's equal protection claim was "frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. 412 at 421.

Defendant seeks attorney's fees for successfully obtaining dismissal of Plaintiff's time-barred, equal protection claim. ECF No. 91. Defendant argues that the equal protection claim was frivolously filed because Plaintiff knew that that January 3, 2019 was the operative start date for the statute of limitations for all claims at the time of filing. *Id.* at 2-4. In *Mills I*, this Court previously held that the applicable two-year statute of limitations rendered Plaintiff's claim against the City of Norfolk to be untimely. Summ. J. Op. & Order, ECF No. 87 at 19 (citing *Mills v. City of Norfolk, Virginia*, 2020 WL 7630647, at *3 (E.D. Va. Dec. 22, 2020) ("Mills I"). Therefore, Defendant asserts that Plaintiff knew and further conceded that the equal protection claim was time-barred by failing to challenge Defendant's summary judgment regarding the same, pursuant to Federal Rule of Civil Procedure 56. ECF No. 91 at 3-4.

Plaintiff argues that his pursuit of the equal protection claim was not frivolous, and he acted in good faith when filing the Amended Complaint. Mem. Opp. Mot., ECF No. 93. Under the continuing violation doctrine, Plaintiff claims that because Chief Wise promoted a Caucasian employee over Plaintiff on November 9, 2019, Plaintiff's Amended Complaint was filed well within the two-year statute of limitations period based on Wise's November 8, 2019 denial of Plaintiff's application for promotion. *Id.* at 4-5. In addition, Plaintiff argues that the fact that the Court considered and subsequently rejected Plaintiff's continuing violation theory in granting Defendants' motions for summary judgment does not render his actions to be unreasonable or frivolous. *Id.* The Court agrees.

Generally, the Court does not condone the pursuit of time-barred claims when the legal basis for their untimeliness is made clear. However, in this case, the Court is hesitant to engage in any post hoc reasoning to find that Plaintiff was well-aware that his equal protection claim was proscribed under the relevant statute of limitations and therefore unreasonable at the time the Amended Complaint was filed. Defendant contends that Plaintiff frivolously filed the claim against Chief Wise because it was an obvious and well-known fact that January 3, 2019 was the operative date for the statute of limitations given this Court's decision in *Mills I* and Chief Wise's retirement in February 2019, long before the alleged continued violations in July and November 2019. Notwithstanding the above, this Court's previous decision only assessed the applicable statute of limitations for claims raised against the City of Norfolk, which Plaintiff distinguished from his new and separate claim for relief against Chief Wise in his individual capacity. Moreover, the fact that the Court later rejected Plaintiff's continuing violation theory and found the equal protection claim to be time-barred is not enough to award attorney's fees and costs to Defendant. Because a limitations defense is waivable, the burden is on the party requesting attorney's fees to demonstrate the claim is otherwise frivolous on the merits. *Lotz Realty Co., Inc. v. U.S. Dept. of Housing and Urban Development*, 717 F.2d 929, 932 (4th Cir. 1983) *(citing Christiansburg, 434 U.S. at 421); see Hunt v. Lee*, 166 Fed. Appx. 669, 671 (4th Cir. 2006); *Glymph v. Spartanburg Gen. Hosp.*, 783 F.2d 476, 479-80 (4th Cir. 1986). Notwithstanding Plaintiff's statutes of limitation violation, Defendant fails to offer any exceptional circumstances showing that the equal protection claim was otherwise unreasonable or without foundation. Therefore, the Court declines to apply post hoc reasoning to find that Plaintiff's claim against Chief Wise was frivolous when added to the Amended Complaint.

The Court need not determine whether Plaintiff brought the instant action "in subjective bad faith," where decisive facts and the course of litigation in this matter demonstrate that it was not objectively "frivolous, unreasonable, or without foundation" for Plaintiff to rely on the continuing violation doctrine at the time the Amended Complaint was filed. *Lotz Realty Co., Inc.*, 717 F.2d at 932;

4

*Arnold v. Burger King Corp.*, 719 F.2d 63, 66 (4th Cir. 1983) ("A plaintiff's motive for bringing an action is not central to determining frivolousness for the purposes of awarding attorneys' fees."). Defendant does not provide any evidence demonstrating that the equal protection claim was raised to harass Chief Wise or cause any delay in this action. Accordingly, this Court is reluctant to award attorney's fees on the sole basis that the claim is time-barred, particularly where the claim is not otherwise devoid of legal merit or asserted in bad faith. Despite Defendant's qualifications as the "prevailing party," the Court finds an award of attorney's fees would be improper because the equal protection claim was not patently frivolous.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Attorney's Fees and Costs, ECF No. 90, is **DENIED**.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
March 17, 2023

Raymond A. Jackson
United States District Judge